IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNENSAIKHAN CHULUUNBAT, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> WELTMAN, WEINBERG & REIS CO., L.P.A., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 20-cv- |

## CLASS ACTION COMPLAINT

Plaintiff, Unensaikhan Chuluunbat, on behalf of himself and a putative class, brings this action to secure redress for unlawful collection practices engaged in by Defendant Weltman, Weinberg & Reis Co., L.P.A. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District.

## PARTIES

3. Plaintiff Unensaikhan Chuluunbat ("Plaintiff") is an individual and natural person who resides in the Northern District of Illinois.

1

4. Defendant Weltman, Weinberg & Reis Co., L.P.A. ("Weltman") is an Ohio corporation that does or transacts business in Illinois.

5. Weltman owns and/or maintains a website, www.weltman.com.

6. At the time of filing of this action, Weltman's website states in part as follows:

*Consumer Collections*

The Consumer Collections Group at Weltman provides comprehensive recovery solutions to many of the Top 10 banks in the U. S. and some of the most well-known brand names in the world. We help our clients work through their issues like they are our own.
**Learn More**

Weltman, Weinberg & Reis Co., L.P.A, https://www.weltman.com/solutions, Accessed May 4, 2020.

7. Weltman regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff incurred a financial obligation to Discover Bank ("Discover") for purchase of goods and services used for family and household purposes, that he charged to a consumer credit card ("alleged debt").

9. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

10. Plaintiff encountered financial difficulty and defaulted on the alleged debt.

11. Discover thereafter hired Weltman to collect the alleged debt.

12. On September 26, 2018, Weltman filed a lawsuit on behalf of Discover to collect the alleged debt, styled *Discover Bank v. Unensaikhan Chuluunbat,* Case No. 2018-M1-131864, in the Circuit Court of Cook County, Illinois ("State Lawsuit").

13. The State lawsuit was served, along with a summons, upon Plaintiff thereafter.

14. On April 23, 2019, a judgment was entered in the State Lawsuit in the amount of $3,607.02.

15. On or around January 16, 2020, Weltman mailed a letter ("Letter") to Plaintiff in connection with the collection of the alleged debt. (Exhibit A, Collection Letter).

16. The Letter conveyed information regarding the alleged debt, including an account number, the identity of the alleged creditor, and a current balance alleged as being due from Plaintiff.

17. The Letter is a communication as that term is defined at §1692a(2) of the FDCPA.

18. The Letter refers several times to an "account" it is collecting, indicating it has good news about "the following account," including a box of information titled "Important Account Information," and informs Plaintiff that they may offer settlement on "your account." (Ex. A, Letter).

19. Weltman's Letter indicates that it had been engaged by Discover to collect its "account" in the amount of $4,212.90.

20. The Letter offered a settlement amount of 40% if the "account" was paid on or by April 30, 2020.

21. Plaintiff read the Letter.

22. The obligation was not an "account", however, but rather consisted of a judgment entered against Plaintiff in 2019.

22. The "account" referenced by Weltman thus does not exist.

23. Weltman's reference to an "account" with respect to the judgment debt confused the Plaintiff as to the origin of the alleged debt, and would be confusing to an unsophisticated consumer, as an account cannot be a judgment, and vice versa.

24. Specifically, with the entry of the judgment, the "account" merged into the judgment and ceased to exist. The only rights Weltman and Discover had were governed by the judgment. *BAC Home Loans Servicing, LP v. Popa*, 2015 IL App (1st) 142053, ¶ 36, 30 N.E.3d 611 (a contract "merges into the judgment and eliminates the contract, and therefore the judgment is controlled by statute, not the contract.").

25. An "account" is a "detailed statement of the mutual demands in the nature of debit and credit between parties, arising out of contracts or some fiduciary relation." (Blacks Law Dictionary, 5th ed., "account"). It does not include a "judgment." *In re Foy*, 469 B.R. 209, 214 (Bkcy., E.D. Pa. 2012) ("Because the Judgment was entered on July 14, 2010, the Accounts ceased to exist as of that date. Therefore, this Court finds that Chase's assignment of the Accounts after July 14, 2010, without reference to the Judgment constitutes a legal nullity."); 810 ILCS 5/9-109(a)(3), (d)(9) (Article 9 of the Uniform Commercial Code applies to assignments of accounts, defined in 810 ILCS 5/9-102(a)(2) to include credit card receivables, but not "an assignment of a right represented by a judgment").

4

26. The content of the Letter was deceptive, false and misleading, in that the "account" referenced therein did not exist, only a judgment did, and Weltman thus mischaracterized the character and legal status of the alleged debt in violation of 15 U.S.C. §1692e(2).

27. Plaintiff was confused by the Letter, as he was unaware that the account referenced therein was for the judgment that was entered.

28. Because of the reference to an "account" instead of a judgment, the Letter could induce an unsophisticated consumer to believe that the debt at issue was a separate debt unrelated to the judgment.

29. An unsophisticated consumer, when receiving a letter such as that received by Plaintiff, could be induced to pay the debt sought to avoid what he would think is the possibility of being sued, being hailed into court, and having to pay an attorney to defend a collection action, when in fact a judgment had already been entered, unbeknownst to the consumer.

30. An unsophisticated consumer could be induced, by the Letter, to pay or settle what he or she believed was a debt on an "account" debt to avoid the entry of judgment, without knowing that a judgment had already been entered.

31. The Letter also fails to provide any indication or warning that the amount of the alleged debt was increasing daily.

32. In Illinois, the post-judgment interest rate is 9% per annum. See 735 ILCS 5/2-1303. *In re McNichols*, 249 B.R. 160, 178 (Bankr. N.D. Ill. 2000).

33. The amount of the alleged debt listed on the Letter, which was $4,212.90, is thus increasing daily due to the fact that interest is accruing at 9%.

34. The Letter contained no indication, however, that the amount of the alleged debt was increasing daily, or that Plaintiff would owe a much greater amount than that stated to be due on the Letter if he did not accept the settlement offer.

35. The Letter failed to state that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date, and/or that the amount due on the day he or she pays may be greater than the amount stated, as interest increases the amount of the alleged debt daily.

36. If Plaintiff could not afford to pay the settlement amount, he would owe an amount greater than either the settlement amount or the "balance due" stated to be owed in the Letter.

37. The amount of the debt stated in the Letter was false when Plaintiff received the Letter, as the amount had increased since the Letter was mailed, and an unsophisticated consumer would not know this fact.

38. Thus, Plaintiff could decide to pay the alleged debt at a future time and send in the amount sought by Weltman, only to discover that the amount has increased substantially, and that he still owes money to Discover well beyond that which he was told was due, and which was paid.

39. Thus, an unsophisticated consumer could decide to pay the alleged debt at a future time and send in the amount sought by Weltman, only to discover that the amount has increased substantially, and that he still owes money to Discover beyond that which he was told was due, and which was paid.

6

40. In this case, Plaintiff would not know how much money he owed on the alleged debt when he received the Letter, since the amount due that presumably was the balance on the date upon which the letter was mailed would increase by the time Plaintiff received said Letter, and would continue to increase on a daily basis, unbeknownst to Plaintiff.

41. Plaintiff could not afford to pay the amount sought by Weltman.

42. On May 1, 2020, Plaintiff placed a telephone call regarding the alleged debt to Weltman, via telephone number 877-205-1457, and was connected to an agent or employee of Weltman, with whom a conversation ensued regarding the alleged debt.

43. During the course of the telephone conversation that ensued between said agent or employee of Weltman and Plaintiff, Plaintiff was told that he now owed $4,306.29 to Discover.

44. Plaintiff was surprised that the amount he was alleged to owe had increased to $4,306.29.

45. Plaintiff thereafter consulted with an attorney to advise him on resolving the alleged debt.

46. Plaintiff did not know that the amount of the alleged debt increases on a daily basis, until he was informed of this fact by an attorney.

47. Plaintiff's confusion was exacerbated by the fact that the Letter indicates that the "balance due" had decreased from $4,212.90 to $1,685.16, but thereafter Plaintiff was informed that the "balance due" had again increased to $4,306.29.

7

48. Notably, Weltman's Letter did not state that the $1,685.16 it sought to collect was a *discounted* balance, but rather stated that it was the "*balance due* no later than 4/30/2020"—though Weltman also stated that the "*Balance Due* as of January 16, 2020 was $4,212.90…". (emphasis added).

49. Both amounts cannot be the "balance due", and thus at least one statement is false.

50. When there are two different accounts of what a debtor actually owes the creditor, that one version is the correct description does not save the other, incorrect description. *Veach v. Sheeks*, 316 F.3d 690, 93 (7th Cir. 2003), citing *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

51. Weltman's failure to inform Plaintiff that interest increases the amount of the alleged debt, and/or that the balance increases every day, is misleading and deceptive. See *Avila v. Riexinger & Assocs., Ltd. Liab. Co.*, 817 F.3d 72, 77 (2d Cir. 2016); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000).

52. Weltman's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—CLASS COUNT

53. Plaintiff realleges and incorporates by reference the paragraphs alleged above as if fully plead herein.

8

54. 15 U.S.C. § 1692e of the FDCPA provides in part as follows:

**§1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . ..**

55. Weltman violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by:

a. Misrepresenting the character and legal status of the debt by referencing the alleged debt as an "account", as the account referenced in the Letter ceased to exist in 2019.

b. Failing to inform Plaintiff that the amount of the alleged debt increases on a daily basis, and that the amount due on a later date will be greater than the amount stated, as interest increases the amount of the alleged debt daily.

c. Communicating two different amounts as the "balance due".

56. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this action is brought on behalf of a class.

57. Exhibit A is a form letter.

58. The Class consists of (a) all persons in Illinois, (b) to whom Weltman mailed a letter in the same form of the collection letter that it mailed to Plaintiff (Exhibit A), (c) to collect a debt reduced to judgment in Illinois that is owed to Discover (d) where the letter refers to the judgment as an "account", (e) where the letter does not inform the person that the amount due on the day he or she pays may be greater than the

9

amount stated, and/or that the amount of the debt increases daily, and (f) where the letter was mailed on or after May 4, 2019, and on or before May 4, 2020.

59. Plaintiff may alter the parameters of the classes to conform to discovery.

60. On information and belief, based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the classes are so numerous that joinder of all members is impracticable.

61. There are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether Weltman has a practice of collecting debts reduced to judgment in Illinois that it attempts to collect as "accounts";

b. Whether Weltman has a practice of collecting debts reduced to judgment in Illinois where, in connection with the collection of the judgments, it fails to inform judgment debtors that their debts are increasing daily due to accrued interest, and/or that the amount due on the date they pay will be greater than that stated in the letter.

62. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

63. Plaintiff will fairly and adequately represent the members of the classes.

64. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

65. The Class consists of more than 40 persons from whom Weltman attempted to collect defaulted consumer debts reduced to judgment, by mailing the type of Letter that was mailed to Plaintiff.

66. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Weltman to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class, and against Weltman, as follows:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/*Mario Kris Kasalo*
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo