IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNENSAIKHAN CHULUUNBAT, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20 C 2697 |
| v. | ) ) | Judge Robert W. Gettleman |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | ) ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION & ORDER</u>

Plaintiff Unensaikhan Chuluunbat, on behalf of himself and all others similarly situated, brings this single count amended putative class action complaint against defendant Weltman, Weinberg, & Reis Co., L.P.A., alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S. C. § 1692(e), by sending him a letter seeking to collect a debt on an account that had already been reduced to judgment (Doc. 49). Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that the amended complaint factually lacks an injury sufficient to confer Article III standing and that the amended complaint was not facially plausible (Doc. 129). For the reasons discussed below, the court grants defendant's motion to dismiss.

## <u>BACKGROUND</u>

Plaintiff incurred a financial obligation to Discover Bank for the purchase of goods and services for family and household purposes, which he charged to a Discover credit card (the "debt"). He encountered financial difficulties and defaulted on the debt. Discover hired defendant to collect the debt. Defendant filed suit in the state court against plaintiff on behalf of Discover to collect the debt. The complaint sought judgment on plaintiff's account in the

1

amount of $3,607.02 plus statutory interest. The complaint referenced plaintiff's account number, and also referenced that the debt was incurred on a credit card number ending in 1116. The case was set for trial on April 23, 2019, at which time the state court entered judgment in the amount of $3607.02 plus costs in the amount of $366.63. The account number is provided on the judgment order, which was signed by both plaintiff and defendant.

After attempts at collection through citations to discover assets proved fruitless, all of which referenced plaintiff's account number, defendant sent plaintiff a letter on January 16, 2020, referencing a Discover Bank card "account number" ending in 1116 with a balance due of $4,212.90. The letter also referenced the same account number as is provided on the judgment order. The letter offered a "40% settlement on your account" should plaintiff make "a single payment in the amount of $1,685.16" "no later than 4/30/20."

In an order dated March 3, 2021, the court dismissed the complaint without prejudice for lack of standing. That decision was appealed to the Seventh Circuit. The Seventh Circuit vacated the order and remanded the case to this court with instructions to "resolve whether [plaintiff] could have paid the settlement amount or successfully changed the order of payments." Chuluunbat v. Weltman, Weinberg & Reis Co., No. 21-1584, 2022 WL 1599325, at *5 (7th Cir. May 20, 2022). An amended complaint was filed on August 4, 2022.

Consistent with the Seventh Circuit's instructions, the court granted leave to conduct discovery on whether plaintiff could have paid the settlement amount successfully. On May 1, 2024, the court sustained defendant's objection to the magistrate's order, which would have permitted plaintiff to seek in discovery "information as to defendant's written policies regarding settlement of debts such as the debt it sought to collect from plaintiff, including information as to the type and length of payment plans defendant might accept to resolve the debt." The court held

that "[t]he only issue is [plaintiff's] ability to pay the amount offered, not some other speculative amount that defendant might have accepted."

## **LEGAL STANDARD**

Standing is a threshold requirement that is derived from the Constitution's limit on federal courts' authority to resolve "cases" and "controversies." U.S. Const. art. III, § 2. If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve. Casillas v. Madison Ave Assocs., 926 F.3d 329, 333 (7th Cir. 2019). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing the three elements of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision. Nettles v. Midland Funding LLC, 983 F.3d 896, 899 (7th Cir. 2020) (quoting Spokeo, Inc. v. Robbins, 578 U.S. 330, 338 (2016)). An injury in fact is an "invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Nettles, 983 F.3d at 899. An alleged injury need not be tangible to be "concrete," but it must be "real and not abstract." Spokeo, 578 U.S. at 340. Because this decision hinges on the sufficiency of an alleged injury in fact, the traceability and redressability elements of Article III standing will not be discussed further.

Seventh Circuit opinions have applied these injury-in-fact principles to claims alleging violations of §§ 1692e, f, and g of the FDCPA. See Nettles, 983 F.3d at 899 (discussing Larkin v. Fin. Sys. of Green Bay, Inc., 982 F.3d 1060 (7th Cir. 2020) and Casillas, 926 F.3d 329). In Larkin, the court held that "[a]n FDCPA plaintiff must allege a concrete injury regardless of

whether the alleged statutory violation is characterized as procedural or substantive." 982 F.3d at 1066.

Defendant's motion to dismiss challenges the truth of the facts underlying the plaintiff's allegations of standing, namely whether plaintiff could have paid the settlement amount before the offer closed or successfully changed the order of other payments. Once the allegations supporting standing are questioned as a factual matter—either by a party or by the court—the plaintiff must support each controverted element of standing with "competent proof," McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936), which has been understood by the Seventh Circuit to mean "a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists," Retired Chi. Police Ass'n v. City of Chicago, 76 F.3d 856, 862 (7th Cir. 1996). Thus, when a court is put on notice that an allegation integral to standing is probably false, "the district judge must conduct whatever supplementary factual proceedings are necessary to resolve the doubt." Bazille v. Fin. Sys. Of Green Bay, Inc., 983 F.3d 274, 278 (7th Cir. 2021).

## **DISCUSSION**

The key factual question determining whether plaintiff has alleged an injury in fact sufficient to confer Article III standing is whether plaintiff could have paid the settlement amount before the offer closed or successfully changed the order of other payments. But this fact is not in dispute. Plaintiff could not have done so. Plaintiff stated in his deposition that the $1,685.16 settlement offer "was lot of money for me to pay one-off time. I didn't have money at that time." Plaintiff later stated in his deposition that he "could've paid [$]100 or even [$]150 in order to avoid more debt," and reaffirmed that he could not have paid the entire offered

4

settlement amount at the time. Based on this admission, defendant contends that plaintiff factually lacks an injury sufficient to confer Article III standing.

In response, plaintiff does not dispute that he was unable to pay the settlement offer amount in a reasonable time. Instead, plaintiff offers what amounts to a new theory of injury, that but for the misleading information in the letter, defendant might have accepted a counteroffer to the settlement offer, such as an interest-free payment plan, a more generous deadline, or even a lower settlement amount. But these speculations as to what defendant would have done in response to hypothetical counteroffers are irrelevant to and distinct from the injury that plaintiff alleges in his amended complaint, which is that he would have paid the settlement but for the letter misleading him.

Even if the court's reading of the amended complaint is stretched to encompass the speculative theory of injury newly offered in plaintiff's response briefing, it still fails. Plaintiff's new argument for injury is that because he was misled by the letter, he lost the opportunity to negotiate an alternative settlement agreement with defendant. But in his deposition, plaintiff admitted that he forwarded the January 16, 2020, collection letter directly to his attorney, who explained to him that the settlement offer was indeed for the amount that had been reduced to judgement in the state court proceeding, and that the amount owed would increase due to interest. Thus, plaintiff was fully informed about the identity of the debt, the fact that it would increase with interest, and that he had an opportunity to settle it by paying the $1,685.16 by April 30, 2020. Over the course of approximately three months, plaintiff possessed all the information necessary to attempt to negotiate an alternative settlement agreement with defendant but simply declined to do so.

5

Because neither party contests plaintiff's admission that he could not have paid the $1,685.16 settlement offer, no factual dispute exists that requires this court to order any further factual proceedings. See Bazille, 983 F.3d at 278 (explaining that a "factual dispute about the court's adjudicatory competency must be resolved before the court can address the merits (if the court has jurisdiction to do so)."). The court agrees with defendant that plaintiff lacks an injury sufficient to confer Article III standing. Since payment of the settlement offer within a reasonable time was not possible for plaintiff, nothing defendant is alleged to have done or failed to do could have injured plaintiff.

This decision is consistent with the Seventh Circuit's instructions to the court to "resolve whether [plaintiff] could have paid the settlement amount before the offer closed or successfully changed the order of other payments." Chuluunbat, 2022 WL 1599325, at *5. The court authorized limited discovery, which revealed that plaintiff could not have paid the settlement amount before the offer closed or successfully changed the order of other payments. Neither party disputes this. Therefore, plaintiff has not alleged an injury sufficient to confer Article III standing. Because plaintiff does not allege an injury sufficient to confer standing, the court concludes that it lacks subject matter jurisdiction and dismisses the amended complaint. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."). The court declines to address defendant's other arguments concerning the merits of plaintiff's claim.

6

## **CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss (Doc. 129) is granted and the amended complaint (Doc. 49) is dismissed without prejudice for lack of subject matter jurisdiction, because it fails to allege a concrete injury as required for Article III standing.


ENTER:


**Robert W. Gettleman**
**United States District Judge**

DATE:   September 25, 2024

7